# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN M. JOHNSON, #155-865, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-18-1096 |
| WEXFORD HEALTH SERVICES, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION AND ORDER

Pending before this Court are Plaintiff's Motion to Appoint Counsel (ECF No. 26), Motion to Remand and Join (ECF No. 28), Plaintiff's second Motion to Remand (ECF No. 30), Motion for Request of Witness (ECF No. 31), Motion for Appointment of Masters (ECF No. 38), and Motion for Sanctions and Motion for Additional Sanctions (ECF No. 41). Plaintiff also filed supplements to the Motion to Appoint Counsel (ECF No. 35), Motion to Remand (ECF No. 36),[1] and Motion for Request of Witness (ECF No. 37). For the reasons that follow, Plaintiff's Motions shall be denied.

A federal court's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[2] is discretionary and may be granted where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). A claimant has no absolute right to appointment of counsel, and thus bears the burden of

---

[1] This document has been construed as a supplement to Plaintiff's second Motion to Remand and not a surreply. Therefore, Defendants' Motion to Strike (ECF No. 39) shall be denied as moot.

[2] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

demonstrating "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*.

Plaintiff alleges in his Complaint that Defendants "have conspired to deny his medication and have continually denied him medical treatment" during his incarceration at Western Correctional Institution in Cumberland, Maryland. ECF No. 2. In support of his Motion to Appoint Counsel, Plaintiff indicates that the complexity of the case, the need for discovery, and the possibility of this case becoming a class action lawsuit warrants appointment of counsel. ECF Nos. 26 & 35. Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that Plaintiff has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. Contrary to Plaintiff's assertion, the issues pending before the Court are not unduly complicated, and this case will not be converted to a class action lawsuit. Therefore, no exceptional circumstances exist to warrant appointment of counsel under §1915(e)(1) at this time, and his Motion to Appoint Counsel will be denied without prejudice.

In Plaintiff's Motion to Remand and Join, he asks this Court to remand the case to the District Court of Maryland for Baltimore City, contending that it is "a malpractice suit" that does not involve constitutional claims. ECF No. 28. Plaintiff also seeks to join this case with other cases "presently working their way through [this Court]," and against the same Defendants. Plaintiff's Motion shall be denied. As Defendants correctly note, Plaintiff previously asserted that Defendants in this case "have continually [violated his] Eighth Amendment right by

continually turning a blind eye to medical [and] denying him much needed health care . . . ." ECF Nos. 14 & 29.  Plaintiff reasserted the same in his second Motion to Remand.  *See* ECF No. 30.  Thus, Plaintiff's claims involve federal questions which remain properly before this Court.  With regard to Plaintiff's request to join this matter with other cases involving Defendants, joinder would not be warranted as Plaintiff's claims are particular to his case.

In Plaintiff's Motion for Request of Witness, he asks that the Court direct Defendants to "produce Nurse Practitioner Peggy Mahler" as a witness.  ECF Nos. 31 & 37.  Plaintiff avers that Mahler treated him on several occasions and has since resigned from Wexford.  *Id.*  Defendants filed a response in opposition.  ECF No. 34.  As Defendants correctly state, no scheduling order has been entered in this case and there has been no order issued by the Court with respect to discovery; therefore, Defendants are not obligated to engage in discovery at this juncture.  *See* Local Rule 104.4 (D. Md. 2008).  Plaintiff's Motion for Request of Witness shall be denied.

Next, Plaintiff asks that a master be appointed in this case, pursuant to Fed. R. Civ. P. 53.  Rule 53 states:

> Unless a statute provides otherwise, a court may appoint a master ***only*** to:
>
> (A) perform duties consented to by the parties;
>
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>
> > (i) some exceptional condition; or
> >
> > (ii) the need to perform an accounting or resolve a difficult computation of damages; or
>
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53(a)(1) (emphasis added).  As Plaintiff acknowledges, reference to a master is "the exception and not the rule."  *See* ECF No. 38; *see also Mathews v. Weber*, 423 U.S. 261,

272 (1976); *Thomas S. by Brooks v. Flaherty*, 902 F.2d 250, 255 (4th Cir. 1990); *Baltimore Neighborhoods, Inc. v. LOB, Inc.*, 92 F. Supp. 2d 456, 473 (D. Md. 2000). As previously noted, Plaintiff's claim is that Defendants have conspired to deny his medication and have continually denied him medical treatment during his incarceration. No exceptional condition exists to warrant appointment of a special master. Thus, Plaintiff's Motion for Appointment of Masters shall be denied.

Finally, Plaintiff filed a Motion for Sanctions and Motion for Additional Sanctions, asking the Court for injunctive relief directing Wexford to "stop . . . all actions they have taken (actually inaction)." ECF No. 41. According to Plaintiff, Wexford is refusing to honor its contract to provide medical services to him and should resume providing such services. *Id.* Defendants filed a response in opposition. ECF No. 42.

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citation omitted). To obtain a preliminary injunction, a movant must demonstrate that: 1) he is likely to succeed on the merits of his claim; 2) he would suffer irreparable harm absent preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction serves the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). All four elements must be satisfied. *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Plaintiff has failed to establish that he is likely to suffer irreparable harm in the absence of preliminary relief. At a minimum, Plaintiff makes no showing of imminent harm as a result of Wexford's alleged cancelation of, or failure to schedule, medical treatment. Therefore, Plaintiff's Motion for Sanctions and Motion for Additional Sanctions, construed as a Motion for

Injunctive Relief, shall be denied.

Accordingly, it is this 7th day of June, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion to Appoint Counsel (ECF No. 26) IS DENIED without prejudice;

2. Plaintiff's Motion to Remand and Join (ECF No. 28) IS DENIED;

3. Plaintiff's Motion to Remand (ECF No. 30) IS DENIED;

4. Plaintiff's Motion for Request of Witness (ECF No. 31) IS DENIED;

5. Plaintiff's Motion for Appointment of Masters (ECF No. 38) IS DENIED;

6. Defendants' Motion to Strike Surreply (ECF No. 39) IS DENIED as moot;

7. Plaintiff's Motion for Sanctions and Motion for Additional Sanctions (ECF No. 41), construed as a Motion for Injunctive Relief, IS DENIED; and

8. The Clerk SHALL MAIL a copy of this Order to Plaintiff and to counsel for Defendants.

/S/
Paula Xinis
United States District Judge